UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MICHAEL LEE GARRISON                                                    PETITIONER

VS.                          5:18-CV-00117-KGB-JTR

WENDY KELLEY, Director,
Arkansas Department of Correction                                       RESPONDENT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Michael Lee Garrison ("Garrison"). *Doc. 2*. Before addressing

1

Garrison's habeas claims, the Court will review the relevant procedural history of the case in state court.

In March of 1994, a jury in Sharp County found Garrison guilty of aggravated robbery. On March 29, 1994, Garrison was sentenced to life in prison. *Exh. 7*, *Doc. 6-11 at pp. 40-41*. Garrison appealed.[1] The Arkanas Supreme Court affirmed. *Garrison v. State*, 319 Ark. 617, 893 S.W.2d 763 (Ark. 1995) ("*Garrison I*").

Over six years later, on November 28, 2001, Garrison filed a *pro se* "Belated Rule 37 Petition" in the trial court raising various ineffective assistance of counsel claims. *Exh. 3A*, *Doc. 6-5*. On December 6, 2001, the trial court denied Garrison's Petition.[2] *Exh. 3B*, *Doc. 6-6*.

On January 6, 2002, Garrison attempted to appeal the denial of Rule 37 relief, by filing a notice of appeal and designation of the record in the trial court. *Exh. 3C*, *Doc. 6-7*. However, Garrison failed to take the additional steps required to perfect his appeal, and the state appellate court never ruled on the denial of Rule 37 relief.[3]

---

[1] Garrison argued on direct appeal that that the trial court erred in: (1) denying his motion in limine; and (2) admitting, as an exhibit, a knife similar to the one used in the crime.

[2] *See* Ark. R. Crim. P. 37.2(c)(ii) (establishing sixty-day time period to file Rule 37 petition after direct appeal of conviction); *Hamilton v. State*, 323 Ark. 614, 918 S.W.2d 113 (1996) (Rule 37 petition asserting grounds for post-conviction relief "is untimely if not filed within sixty days of the date the mandate was issued by the appellate court affirming the judgment.").

[3] Under Arkansas law, Garrison was required to file the record with the clerk of the Arkansas Supreme Court within ninety days of filing the notice of appeal. *See Sullivan v. State*, 301 Ark. 352, 784 S.W.2d 155 (1990) (per curiam); Ark. R. App. P. Civ. 5(a).

On February 21, 2017, Garrison filed a petition for writ of habeas corpus in state court. He contended that the trial court erred by incorrectly instructing the jury on his parole eligibility. *Doc. 6-4*. On May 2, 2017, the state court denied relief, finding that Garrison should have pursued this issue during the trial, on direct appeal, or in a timely Rule 37 petition. *Doc. 6-5*. Garrison appealed. On January 4, 2018, the Arkansas Supreme Court affirmed. *Garrison v. Kelley*, 2018 Ark. 8.

On April 27, 2018, Garrison filed the § 2254 habeas action now before the Court.[4] He contends that: (1) the trial court erroneously instructed the jury as to his parole eligibility, resulting in a denial of procedural due process, equal protection, and a fundamentally fair trial; and (2) the Arkansas Supreme Court's dismissal of his state habeas petition denied him due process, equal protection, and a fundamentally fair appeal process. *Doc. 2*.

In her Response, Respondent argues that Garrison's habeas Petition should be denied because all of his claims are both time-barred and procedurally defaulted.[5]

---

[4] The petition was received and docketed on May 10, 2018. However, the Court assumes Garrison is entitled to the benefit of the prison mailbox rule. *See Nichols v. Bowersox,* 172 F.3d 1068, 1077 (8th Cir.1999), *abrogated on other grounds,* 523 F.3d 850 (8th Cir.2008) ("we hold that, for purposes of applying 28 U.S.C. § 2244(d), a *pro se* prisoner's petition for a writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court").

[5] Because Garrison's claims are time-barred, the Court need not address Respondent's procedural default argument.

*Doc. 6*. Garrison has filed a Reply. *Doc. 10*. Thus, the issues are joined and ready for disposition.

For the reasons explained below, the Court concludes that Garrison's habeas claims are barred by the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1). Accordingly, the Court recommends that his habeas Petition be dismissed, with prejudice.

## II. Discussion

On April 24, 1996, approximately two years after Garrison's state court conviction, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). AEDPA imposed a one-year deadline for petitioners seeking federal habeas relief to challenge the validity of their state criminal convictions. 28 U.S.C. § 2244(d)(1). This was a *new* statutory limitation period for seeking federal habeas relief.[6] Recognizing that it would be unfair to apply this newly enacted deadline to claims that predated AEDPA, the federal courts adopted a grace period rule. Under this rule, if a federal habeas petitioner's state court judgment of conviction was final *before* AEDPA was enacted, the one-year limitation period would begin running on

---

[6] Before AEDPA was enacted, these same habeas petitioners were not subject to a formal time limit for seeking federal habeas relief. However, their habeas petition could be dismissed based on the equitable doctrine of laches. *See*, *e.g.*, *Wise v. Armontrout*, 952 F.2d 221, 223 (8th Cir. 1991) (explaining that Rule 9(a) of the then applicable Rules Governing 2254 Cases codified the equitable doctrine and required courts "to conduct an inquiry into the reasonableness of petitioner's delay, and whether that delay resulted in prejudice to the respondent's ability to respond.").

April 24, 1996. *Nichols v. Bowersox*, 172 F.3d 1068, 1073 (8th Cir. 1999) (en banc) (abrogated on other grounds by *Riddle v. Kemna*, 523 F.3d 850 (8th Cir. 2008) (en banc)). Thus, absent any statutory tolling,[7] the limitations period would expire on April 24, 1997.

The parties agree that Garrison's judgment of conviction was "final" *before* April 24, 1996.[8] Despite admitting that his "one year" grace period ended on April 24, 1997, *Doc. 10 at 4*, Garrison argues that he should receive the benefit of a delayed starting time under § 2244(d)(1)(B). When this statutory alternative to computing the starting date for the limitations period applies, the period starts to run from: "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B).

---

[7] Since Garrison filed nothing during the applicable one-year period, it is unnecessary to consider whether any statutory tolling, permitted under 28 U.S.C. § 2244(d)(2), might apply. While a "*properly filed* application for state post-conviction or other collateral review" tolls the limitation period, an untimely application for post-conviction relief has *no tolling effect*. 28 U.S.C. § 2244(d)(1) (emphasis added); *see also Runyan v. Burt*, 521 F.3d 942, 943-944 (8th Cir. 2008); *Jackson v. Dormire*, 180 F.3d 919, 920 (8th Cir. 1999) (pendency of state postconviction proceeding cannot have a tolling effect if it was filed after the expiration of the limitation period).

[8] Garrison's conviction was "final" on Monday, May 30, 1995, ninety days after the Arkansas Supreme Court's February 27, 1995 decision in *Garrison I*. Because Garrison could have applied for certiorari review of his conviction with the United States Supreme Court, his state court judgment of conviction became "final" when the time for filing such petition expired. *Gonzalez v. Thaler*, 565 U.S. 134, 149-150 (2012); Sup. Ct. R. 13.1 (establishing 90-day time period for filing a writ of certiorari).

The only State-created impediment Garrison points to is his contention that the "trial court [and trial counsel] refused to provide [him] with a free copy" of his trial transcript. *Doc. 10 at 4*. Garrison further contends that it was not until January of 20176 that he was able to obtain a copy of the trial transcript, shortly after which he filed his *state* habeas Petition. Thus, he argues, the Court should treat his *federal* habeas Petition as timely filed.

Garrison is not entitled to the benefit of § 2244(d)(1)(B). First, Garrison did not have a constitutional right to be provided with a copy of the trial transcript, at state expense, *before* the time period started to run for him to seek federal habeas relief. Section 2244(d)(1)(D) "does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim." *Earl v. Fabian*, 556 F.3d 717, 725-26 (8th Cir. 2009) (*quoting Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)); s*ee also Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) (state's failure to provide trial transcript was not state-created impediment that prevented him from providing sufficient factual support for his claims); *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001) ("Possession of a transcript ... is not a condition precedent to the filing of [post-conviction] proceedings."); *Donovan v. Maine*, 276 F.3d 87, 93 (1st Cir. 2002) (habeas corpus petition need not be pleaded with particularity, so citation to

transcript unnecessary); *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (prisoner not entitled to transcript before filing § 2254 petition).

Second, Garrison's still waited over one year after he admittedly received a copy of the trial transcript to file his petition for federal habeas relief. Thus, even assuming the lack of a trial transcript could be considered a state-created impediment triggering application of § 2244(d)(1)(D), Garrison still waited over one-year after the impediment was removed to file his federal habeas Petition. Thus, even assuming he was somehow entitled to the benefit of § 2244(d)(1)(D), which he is not, his Petition is untimely filed.

In conclusion, Garrison's allegations are insufficient to extend the one-year limitation period over twenty years, from April 24, 1997 until April 27, 2018, on the theory that he had no obligation to assert his federal claims for habeas relief until he was provided with a copy of the trial transcript.

Although not specifically argued by Garrison, the Court has also considered whether he is entitled to equitable tolling of the one-year limitation period. In a narrow range of cases, a habeas petitioner may equitably toll the one-year statute of limitations if he can show that: (1) he has been "pursuing his rights diligently," but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). To secure equitable tolling, a petitioner must show that "the extraordinary circumstance *caused* him to miss the

original filing deadline." *Coulter v. Kelley*, 871 F.3d 612, 624 (8th Cir. 2017) (emphasis in original). "Equitable tolling is an exceedingly narrow window of relief." *Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007) (omitting citation).

First, Garrison has not demonstrated that he pursued his rights diligently. Other than stating he did not have a copy of the trial transcript, he offers no explanation for why *he waited more than twenty years after the limitation period expired* to seek federal habeas relief.

Second, Garrison has not demonstrated any "extraordinary circumstances" as required by *Holland*. The Eighth Circuit has repeatedly held that a petitioner's *pro se* status, lack of legal knowledge or legal resources, or any confusion about the federal limitation period or state post-conviction law, does not justify equitable tolling. *See, e.g.*, *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012); *Shoemate v. Norris*, 390 F.3d 595, 597–98 (8th Cir. 2004); *Baker v. Norris*, 321 F.3d 769 (8th Cir. 2003).

Accordingly, the Court concludes that Garrison has failed to demonstrate that he is entitled to equitable tolling.

### III. Conclusion

Although the one-year time period for Garrison to pursue federal habeas relief expired on April 24, 1997, Garrison waited until April, 27, 2018 to file his federal habeas claims.

IT IS THEREFORE RECOMMENDED THAT:

1.	The 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus, *Doc. 2*, be DENIED, and this case be DISMISSED, WITH PREJUDICE; and

2.	Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability be DENIED.

DATED this 28th day of May, 2019.

_____
UNITED STATES MAGISTRATE JUDGE