IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**MICHAEL LEE GARRISON, ADC #103455**                                                      **PETITIONER**

v.                                        **Case No. 5:18-cv-00117-KGB**

**WENDY KELLEY**                                                                                          **RESPONDENT**

## ORDER

Before the Court is the Recommended Disposition submitted by United States Magistrate Judge J. Thomas Ray (Dkt. No. 11). Judge Ray recommends that petitioner Michael Lee Garrison's petition for a writ of *habeas corpus* be denied without prejudice. Mr. Garrison filed a timely objection to Judge Ray's Recommended Disposition (Dkt. No. 12). After careful review of the Recommended Disposition and Mr. Garrison's objection, and a *de novo* review of the record, the Court finds no reason to alter or reject Judge Ray's conclusion. The Court writes separately to address briefly Mr. Garrison's objection to Judge Ray's Recommended Disposition.

Mr. Garrison objects to Judge Ray's finding that, "even assuming the lack of a trial transcript could be considered a state-created impediment triggering application of § 2244(d)(1)(D), Garrison still waited over one-year after the impediment was removed to file his federal habeas Petition." (Dkt. No. 11, at 7). Mr. Garrison contends that "the record clearly shows that Garrison was exhausting his state remedies during the year in question as is mandatory prior to filing a federal habeas petition. Thus he has been 'pursuing his rights diligently' and entitled to equitable tolling for the time spend [sic] in state courts." (Dkt. No. 12, at 1). Alternatively, Mr. Garrison maintains that he "suffers from mental defects that interfere with his ability to learn and understand basic concepts," and that "[t]o deny Garrison's petition is to essentially impose a punishment on him for a birth defect which he cannot control." (*Id.* at 1–2).

Without commenting on the merits of Mr. Garrison's claims, the Court agrees with Judge Ray that Mr. Garrison's petition for a writ of *habeas corpus* is untimely and that Mr. Garrison is not entitled to the benefit of statutory or equitable tolling.  The Court makes this determination based on its *de novo* review of the record, even after considering Mr. Garrison's objections.  For the reasons discussed at length by Judge Ray, on the record before it, the Court declines to toll the Antiterrorism and Effective Death Penalty Act of 1996's, 28 U.S.C. § 2261 *et seq.*, one-year statute of limitations for over 21 years.

In sum, the Court adopts the Recommended Disposition in its entirety as this Court's findings of fact and conclusions of law (Dkt. No. 11).  The Court dismisses without prejudice Mr. Garrison's petition for a writ of *habeas corpus* (Dkt. No. 2).  Finally, the Court declines to issue a certificate of appealability.  Mr. Garrison may still apply to the Eighth Circuit for a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1)(B).

It is so ordered this 19th day of January, 2021.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge